**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92660
Tel: 949-312-1377
Fax: 949-288-2054
ben@nexusbk.com

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re; <br><br> BOBBY BORISOV, <br><br> Debtor. | Case No: 6:23-bk-11053-RB <br><br> Chapter 7 <br><br> **DEBTOR'S MOTION FOR ORDER REOPENING CLOSED CASE TO FILE A MOTION TO AVOID A JUDICIAL LIEN UNDER 11 U.S.C. §522(f)** <br><br> [No hearing date required] |

TO THE HONORABLE MAGDALENA REYES-BORDEAUX, THE UNITED STATES TRUSTEE, THE CHAPTER 7 TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

Debtor, Bobby Borisov, hereby moves this Court for an order, without a hearing, reopening this case so that he may file a motion to avoid the lien that is encumbering his residence.

Pursuant to Local Bankruptcy Rules 5010-1(e) and 9013-1(q)(11), this motion may be granted without a hearing and without additional notice.

## STATEMENT OF FACTS

1. The Debtor commenced this voluntary Chapter 7 case on March 19, 2023 and was granted a discharge on July 3, 2023.

2. At the time of filing of the petition, there existed a judicial lien held by Ryan Sturgeon which encumbered the Debtor's residence.

3. The balance on the Debtor's mortgage on the petition date was $475,465.57, the value was approximately $760,000, and Debtor's equity was approximately $284,535. Debtor is entitled to a homestead exemption of $615,000, which renders the judgment lien avoidable in its entirety.

4. The Debtor was not aware of the abstract of judgment and did not move to avoid it when his case was open previously. He only learned of the existence of the lien when he began the process of selling his home and the lien was discovered by the title company.

## MEMORANDUM OF POINTS AND AUTHORITIES

11 U.S.C §350 provides as follows:

*"(a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.*

*(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."*

See also In re Dodge, 138 B.R. 602 (Bkrtcy.E.D. Cal. 1992).

Section 522(f) of the Bankruptcy Code gives the Debtor the ability to avoid the judicial lien to the extent that it impairs his homestead exemption. However, in order for the Debtor to avail himself of the benefits of this section, it is necessary for his case to be reopened so that he may file such a motion. Relief will be accorded to the Debtor if and when he is able to avoid the judicial lien which encumbers his home.

A Bankruptcy Court's authority to reopen a closed case to afford debtors the opportunity to avoid liens pursuant to Bankruptcy Code §522(f) has been recognized by the Courts of the Ninth Circuit. The Court held in In re Yazzie, 24 B.R. 576, 577 (9th Cir. 1982) that, *"In the absence of*

*prejudice to creditors, ... neither the entry of discharge nor the closing of the case are time bars to lien avoidance actions under 11 U.S.C. 522(f)(2).*" In <u>In re Ricks</u>, 89 B.R. 73, 75 (9th Cir. BAP 1988), the Court concluded that the key factor in allowing the late avoidance of a lien pursuant to §522(f) is whether the creditor is sufficiently prejudiced so that it would be inequitable to allow avoidance of the lien. Quoting <u>In re Quackenbros</u>, 71 B.R. 693,695 (Bankr. E.D. Pa 1987), the <u>Ricks</u> court stated the rationale for its conclusion that:

"*(1) the absence of any deadline in the Code or the Bankruptcy Rules for initiating a lien avoidance proceeding under §522(f), especially when contrasted with 11 U.S.C. §546(d); (2) the text of 11 U.S.C.§350 which states that a case may be reopened to accord relief to the debtor; (3) legislative history which refers to reopening cases for lien avoidance, subject to the bar of laches; (4) the fresh start policy of the Code which encourages the full application of the Code's exemption provisions; and (5) the interpretation of the right to avoid liens under § 522(f) as a 'personal' right of the debtor which exists independent of case administration.*"

The Ninth Circuit Court of Appeals followed this rationale in <u>In re Chabot</u>, 992 F.2d 891, 893 (9th Cir. 1993) where it held that the debtor's delay in bringing a lien avoidance action is not sufficient to cause prejudice379068 to the creditor.

Wherefore, it is respectfully submitted that the Debtor's Chapter 7 case should be reopened in order for him to file a motion to avoid the judicial lien encumbering his residence.

NEXUS BANKRUPTCY

Date: February 23, 2024

_____
BENJAMIN HESTON,
Attorney for Debtor